IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ERIC EPSTEIN,

Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY and UNITED SERVICES AUTOMOBILE ASSOCIATION,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

## I. INTRODUCTION

Plaintiff Eric Epstein brings this action on behalf of himself and all others similarly situated against United Services Automobile Association (USAA) and one of its wholly-owned subsidiaries, USAA General Indemnity Company (GIC). USAA and its affiliates are referred to collectively as USAA Group, and USAA and GIC are referred to collectively as Defendants.

## II. NATURE OF THE ACTION

1. USAA Group advertises, “We know what it means to serve.” It claims to “respect[] and honor[] the men and women in our nation’s military and their families who support them.” But as shown by its pricing of automobile insurance policies, USAA Group respects and honors current and former military officers much more than it does current and former enlisted personnel. Defendants have illegally discriminated against current and former enlisted personnel who have or had auto coverage with GIC while the insured auto is garaged in



**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Washington and who, during that time, were on active duty in pay grades E-1 through E-6 or were veterans whose highest pay grade while active was in that range ("Enlisted Policyholders"). Defendants have discriminated against Enlisted Policyholders by charging them higher premiums for the same coverage than Defendants charge similarly situated "Officer Policyholders," persons on active duty in pay grades above E-6 and veterans whose highest pay grade was above E-6.

2. Defendants have charged Enlisted Policyholders more than Officer Policyholders by consigning them to the substandard insurance company, GIC, which charges higher premiums for automobile insurance than USAA does. USAA offers insurance to Officer Policyholders but not to Enlisted Policyholders.

3. By discriminating in pricing against Enlisted Policyholders, Defendants have violated Washington's Law Against Discrimination (WLAD), RCW 49.60.030(1)(e), and Washington's Consumer Protection Act (CPA), RCW 19.86.020.

4. Plaintiff brings these claims on behalf of a class of Enlisted Policyholders who, during the limitations period, garaged their auto in Washington and paid higher premiums to GIC than they would have paid under USAA's payment formulas. The limitations period starts three years before the filing of this Complaint for the WLAD claims and four years before the filing of this Complaint for the CPA claims.

## III. PARTIES

5. Plaintiff Eric Epstein is a natural person residing in Ferndale, Washington, located in Whatcom County. Plaintiff enlisted in the Navy in 1989, qualifying him to become a USAA Group member. Plaintiff purchased auto insurance through GIC from August 2020 to April 2022.

6. According to its most recent Annual Statement filed with the Washington Department of Insurance, "United Services Automobile Association is a reciprocal interinsurance exchange domiciled in Texas."

7. The USAA Group writes auto insurance through four different insurers that operate under common management and control. These four commonly managed and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

controlled insurers are the parent company, USAA; GIC; USAA Casualty Insurance Company (CIC); and Garrison Property and Casualty Insurance Company (Garrison). USAA owns 100% of the common stock of GIC and CIC. CIC owns 100% of the common stock of Garrison.

8. Each of the four USAA Group companies insures a different segment of the military or military family members. According to their underwriting guidelines, USAA insures commissioned officers as well as senior non-commissioned officers in pay grades E-7 or higher along with veterans whose highest pay grade was E-7 or higher. GIC insures enlisted personnel in pay grades E-6 or below along with veterans whose highest pay grade was E-6 or below. CIC insures family members of those who qualify for USAA, and Garrison insures family members of those who qualify for GIC.

9. USAA is organized under the laws of the State of Texas. Its principal place of business is at 9800 Fredricksburg Road, San Antonio, TX 78288.

10. GIC is organized under the laws of the State of Texas. Its principal place of business is at 9800 Fredricksburg Road, San Antonio, TX 78288.

## IV. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate amount in controversy exceeds $5 million, the proposed class has at least 100 members, and Plaintiff has diverse citizenship from both Defendants.

12. This Court has personal jurisdiction over Defendants because (a) they have registered with the Washington Office of the Insurance Commissioner, (b) they have purposely availed themselves of the privilege of conducting business in Washington, (c) they currently maintain systematic and continuous business contacts with Washington, and (d) the events giving rise to Plaintiff's claims arose out of those systematic and continuous business contacts with Washington.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district for purposes of this lawsuit. Venue is also proper in this district



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

under section 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## V. FACTUAL ALLEGATIONS

### A. USAA's unlawful conduct toward Enlisted Policyholders.

14. USAA submits rate filings to the Washington Commissioner of Insurance that contain proposed rates for all four USAA companies. These rate filings set forth data enabling calculation of the premium any individual would pay in each of USAA's four companies. That data consists of a set of base rates for each company, one for each coverage that the policyholder selects. The base rates are the starting point for calculating the premium and are the same for each policyholder in each company. The rate filings also identify various rating factors, which are the characteristics of the policyholder that affect the premium; categories, which are groupings of policyholders by the degree of risk they present in connection with that rating factor; and relativities, which are the values quantifying the degree of risk within each category of a rating factor that an individual presents. For each rating factor, categories presenting baseline or average risk are assigned a relativity of 1.00; categories presenting greater than baseline or average risk are assigned relativities exceeding 1.00; and categories presenting lower than baseline or average risk are assigned relativities of less than 1.00.

15. Mileage, for example, is a rating factor; the number of miles an individual drives annually, rounded to the nearest 500-mile increment, are the categories of that rating factor; and each of those 500-mile increments is assigned a relativity. Categories presenting average risk are assigned a relativity of 1.00; those presenting above-average risk—e.g., high-mileage categories—are assigned relativities exceeding 1.00; and categories presenting lower-than-average risk—e.g., low-mileage categories—are assigned relativities of less than 1.00.

16. The premium any individual pays for each coverage is the base rate times the relativity for each of that individual's rating characteristics—i.e., the category he fits into in connection with each rating factor.

17. Because USAA and GIC use identical rating factors and categories, the premium



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

any GIC insured would pay for each coverage if they were instead a USAA policyholder can be calculated by substituting the USAA base rate for the GIC base rate and then substituting the relativity USAA uses for insureds for a particular category of a rating factor for the relativity GIC uses for its insureds for that category.

18. Three coverages—Bodily Injury Liability (BI), Property Damage Liability (PD), and Collision (CL)—account for more than 80% of total auto insurance premium for both USAA and GIC. For each of those three coverages, the GIC base rate is greater than the USAA base rate.

19. The USAA and GIC relativities are the same for many rating factors. In connection with other rating factors, USAA uses different relativities for its insureds than GIC does for its insureds. For those rating factors, the relationship between the GIC relativity and the USAA relativity varies: for some categories of some rating factors, the GIC relativity is higher; and for other categories, the USAA relativity is higher.

20. For the large majority of GIC policyholders, the interaction of the GIC base rates and relativities produces a premium that is higher than the premium that would be produced by the USAA base rates and relativities.

21. A simplified example shows the combined impact of base rates and relativities on premium prices. Suppose that USAA Group had only three relativities: (1) territory; (2) age, gender, and marital status (USAA Group combines these three characteristics into one rating factor); and (3) annual mileage. Suppose also that a 30-year-old single male who lives in territory 300 purchases collision coverage. The insured's premium through GIC and USAA would be calculated as follows based on the data set forth in Defendants' currently effective rate filing:

| FACTOR | GIC | USAA |
|---|---|---|
| Base Rate | $215.12 | $189.19 |
| Territory | .9220 | .8702 |
| Age, Gender, Marital | 1.26 | 1.14 |
| Annual Mileage | 1.03 | 1.01 |
| Total | $257.41 | $189.56 |

The total is calculated by multiplying the base rate by each of the relativities.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

22. Plaintiff's testing corroborates the hypothetical example above. USAA Group's website contains a feature that enables any person to obtain an estimated quote for three different levels of coverage by entering his or her rating characteristics, including status in the military. Plaintiff obtained ten different pairs of quotes, each in a different Washington zip code, for the same hypothetical risk, with the only difference between each pair of quotes being the hypothetical insured's answer to the military status question. In each zip code, for each of the same three levels of coverage, holding all else equal, the quote obtained by entering an enlisted pay grade for military status was higher than the quote obtained by entering an officer pay grade for military status. The table below shows the results by zip code and level of coverage:

| City | Zip Code | Basic Ins. | | Medium Ins. | | Greatest Ins. | |
|---|---|---|---|---|---|---|---|
| | | Enlisted | Officer | Enlisted | Officer | Enlisted | Officer |
| Seattle | 98107 | $130.00 | $100.00 | $155.00 | $120.00 | $165.00 | $130.00 |
| Spokane | 99201 | $120.00 | $95.00 | $140.00 | $110.00 | $150.00 | $120.00 |
| Olympia | 98606 | $115.00 | $90.00 | $140.00 | $110.00 | $150.00 | $120.00 |
| Tacoma | 98409 | $145.00 | $110.00 | $175.00 | $130.00 | $185.00 | $140.00 |
| Lynnwood | 98036 | $145.00 | $100.00 | $170.00 | $120.00 | $180.00 | $125.00 |
| Mount Vernon | 98273 | $120.00 | $95.00 | $145.00 | $115.00 | $155.00 | $120.00 |
| Kent | 98042 | $170.00 | $130.00 | $205.00 | $155.00 | $220.00 | $165.00 |
| Pullman | 99163 | $110.00 | $85.00 | $135.00 | $105.00 | $145.00 | $110.00 |
| Shelton | 98584 | $135.00 | $115.00 | $160.00 | $140.00 | $170.00 | $145.00 |
| Sunnyside | 98944 | $125.00 | $110.00 | $150.00 | $135.00 | $160.00 | $140.00 |

The average difference between officers and enlisted in each of the coverage levels is $32.83. The average premium of the Officer Policyholders is $119.50, while for Enlisted Policyholders it is $152.33. In other words, in this sample, Enlisted Policyholders pay 27% more than identically situated Officer Policyholders.

23. Upon information and belief, Defendants' actuaries and state leaders are fully aware that differences in base rates and relativities between USAA and GIC result in Enlisted Policyholders paying substantially more in premiums than similarly situated Officer Policyholders.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

24. Upon information and belief, USAA Group officers and directors similarly know and intend that the differences in base rates and some relativities between USAA and GIC result in Enlisted Policyholders paying substantially more in premiums than identically situated Officer Policyholders.

25. In addition, differences in base rates and relativities between USAA and GIC have had a disparate impact on Enlisted Policyholders in Washington, resulting in their paying substantially more in premiums than identically situated Officer Policyholders.

26. Upon information and belief, USAA intends for the differences in base rates and relativities between USAA and GIC to result in the great majority of Enlisted Policyholders paying substantially more in premiums than similarly situated Officer Policyholders.

27. USAA Group does not inform prospective policyholders who seek coverage with USAA Group that they will be assigned to either GIC or USAA based on their status as enlisted or as an officer in the military. USAA Group further does not inform policyholders that Enlisted Policyholders assigned to GIC pay higher premiums for auto insurance than Officer Policyholders assigned to USAA.

28. No legitimate business interest justifies USAA Group’s discrimination against Enlisted Policyholders based on military status.

**B. USAA’s unlawful conduct toward Plaintiff.**

29. Plaintiff Eric Epstein enlisted in the Navy in 1989. He attended boot camp for approximately six weeks but was then determined to be ineligible to attend Air Traffic Control School due to partial colorblindness. He was honorably discharged in an “entry level separation” as a Seaman Recruit at a pay grade of E-1. This service qualified Plaintiff to be eligible to become a USAA member.

30. In August 2020, Plaintiff requested a quote from USAA Group for auto insurance. He received a form letter stating that USAA Group “constantly analyze[s] trends in claims losses and auto repair and litigation costs” and “also consider[s] these commonly used factors to evaluate the individual risk: type of vehicle; garage location; claims history; consumer report.”



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

USAA Group stated that Plaintiff's premium was determined using these factors and "any other saving and discounts you're qualified to receive." Nothing in this letter informed Plaintiff that his status as enlisted would be used as a factor in determining his insurance rate or that he would be assigned to GIC, rather than to USAA, as a result of his military status. Upon information and belief, a similar form letter is provided to every prospective policyholder who requests a quote from USAA Group.

31. Plaintiff was insured by GIC from August 2020 to April 2022. During that period, USAA offered and sold Plaintiff only higher-priced GIC policies, not lower-priced USAA policies.

32. Plaintiff's last policy with GIC would have been about 20% less expensive through USAA than it was through GIC. Plaintiff had three vehicles, each with eight types of coverage. The tables below set out the calculations for only one of the vehicles, a Honda Accord, first under GIC, and then under USAA. The total for each company is calculated by multiplying the base rate for each coverage by each of the relativities, then adding the totals for each type of coverage. The tables do not include rating characteristics that had the same relativities under GIC and USAA and characteristics about which Plaintiff currently lacks sufficient information to identify the appropriate relativities. The calculations, however, are sufficient to reveal that Plaintiff paid about 25% more to GIC than he would have paid to USAA:

**GIC CALCULATIONS**

| Coverage | Base Rate | Territory | Age/ Gender/ Marital | Policy Advantage | Mileage | Total |
|---|---|---|---|---|---|---|
| Bod. Injury | $179.30 | .7059 | 1.14 | 1.00 | 1.06 | $152.94 |
| Prop. Dam. | $196.14 | .7441 | 1.06 | 1.00 | 1.06 | $163.99 |
| UMUIMBI | $59.69 | --- | --- | --- | 1.04 | $62.08 |
| UMUIMPD | $18.16 | --- | --- | --- | 1.04 | $18.89 |
| Comp. | $36.70 | .9879 | 1.00 | 1.00 | 1.05 | $38.07 |
| Collision | $206.86 | .9628 | 1.00 | 1.00 | 1.04 | $207.13 |
| Rent. Reimb. | $52.33 | --- | --- | --- | --- | $52.33 |
| Tow & Labor | $16.00 | --- | --- | --- | --- | $16.00 |
| Total | | | | | | $711.43 |



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**USAA CALCULATIONS**

| Coverage | Base Rate | Territory | Age/ Gender Marital | Policy Advantage | Mileage | Total |
|---|---|---|---|---|---|---|
| Bod. Injury | $175.15 | .6476 | 1.05 | .96 | 1.01 | $115.48 |
| Prop. Dam. | $184.07 | .7106 | 1.00 | .95 | 1.01 | $131.76 |
| UMUIMBI | $73.43 | --- | --- | --- | 1.01 | $74.16 |
| UMUIMPD | $19.60 | --- | --- | --- | 1.01 | $19.80 |
| Comp. | $43.11 | .9503 | .93 | 1.00 | 1.01 | $38.48 |
| Collision | $184.22 | .8900 | .93 | .96 | 1.01 | $147.84 |
| Rent. Reimb. | $28.90 | --- | --- | --- | --- | $28.90 |
| Tow & Labor | $13.00 | --- | --- | --- | --- | $13.00 |
| Total | | | | | | $569.42 |

## VI. CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and the members of the proposed class defined below pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

34. The proposed class is defined as: All current and former enlisted persons who, at any point from May 20, 2018 through the date of class certification, (1) had auto coverage with USAA General Indemnity Company while garaging their auto in Washington, (2) were on active duty in pay grades E-1 through E-6 or were veterans whose highest pay grade while active was in that range, and (3) paid more for coverage with GIC than they would have paid with USAA.

35. Excluded from the class are: (a) all present and former directors, officers, and management employees of the Defendants; (b) any Enlisted Policyholders who filed a pending lawsuit or a lawsuit subsequently dismissed with prejudice involving any of the claims asserted here (but only for the period precluded by the prior suit); (c) employees of Plaintiff's counsel and their immediate families, any judge assigned to this case and their staff, and Defendants' counsel of record, their employees, and their immediate families; and (d) all persons who timely request exclusion from the class.

36. Plaintiff reserves the right to modify or amend the proposed class definition.

37. Membership in the class can be determined based on computerized records maintained by Defendants.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

38. The class likely contains thousands of members. Thus, joinder of all class members is impracticable.

39. Common questions of law and fact exist as to all members of the class and predominate over questions affecting only individual class members. The common legal and factual questions include, but are not limited to, the following:

a. whether Defendants have charged higher premiums to Enlisted Policyholders than they did to similarly situated Officer Policyholders throughout the liability period and whether the disparity has been sufficiently large to be statistically significant;

b. whether discrimination based on a military member's status is prohibited under the WLAD;

c. whether discrimination based on enlisted versus officer status is prohibited under the WIC;

d. whether discrimination based on enlisted versus officer status is prohibited under the CPA;

e. whether discrimination based on enlisted versus officer status is unfair within the meaning of the CPA;

f. whether failure to disclose that officers and enlisted policyholders are insured through separate companies and that enlisted policyholders are charged more than officers is a deceptive practice under the CPA;

g. whether Defendants' base rates and relativities for GIC compared to its base rates and relativities for USAA had a disparate impact on Enlisted Policyholders;

h. whether Plaintiff and class members are entitled to injunctive relief;

i. whether Plaintiff and class members are entitled to treble damages under the CPA; and

j. whether Plaintiff and class members are entitled to recover their costs,



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

attorneys' fees, and prejudgment interest under the WLAD and/or CPA.

40. Plaintiff's claims are typical of the claims of other class members. His claims arise out of the same discrimination in rates between Enlisted Policyholders and Officer Policyholders attributable to Defendants' use of different base rates and relativities for GIC policyholders than for USAA policyholders. As a result of those differentials, Plaintiff, like other class members, has paid more to GIC than he would have paid to USAA.

41. Plaintiff does not have any conflicts of interest with class members. Plaintiff is committed to this litigation and has retained counsel with the knowledge and resources to litigate insurance, discrimination, and consumer class action claims.

42. In discriminating in premium pricing between Enlisted Policyholders and Officer Policyholders, Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

43. Without class-wide injunctive relief, class members will continue to suffer damages and Defendants' violations of law will persist.

44. Class members have no interest in individually controlling the litigation of separate actions.

45. The damages sustained by individual class members are relatively small and the expense and burden of litigation would make it impracticable for class members to sue individually to attempt to redress the wrongs done to them. Moreover, individual lawsuits would be unduly burdensome for the parties and Court.

46. As listed above, Defendants' course of conduct gives rise to common liability and damages issues for all class members. Thus, summary judgment or trial of Plaintiff's claims will decide liability issues for all class members. If Defendants are adjudicated to be liable, the damages experienced by all class members can be determined formulaically and administered efficiently under the direction of the Court.

47. A class action will promote an orderly and expeditious administration and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

adjudication of the class claims and ensure economies of time, effort, and resources. A class action also will avoid the risk of inconsistent adjudications.

48. The management of this lawsuit as a class action will not give rise to any insurmountable management difficulties.

## VII. FIRST CLAIM FOR RELIEF
### Discrimination on the Basis of Military Status in Violation of the Washington Law Against Discrimination

49. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

50. The WLAD prohibits discrimination based on military status or status as an honorably discharged veteran. RCW 49.60.030(1).

51. It is further unlawful to discriminate in insurance transactions, including in the pricing of premiums, on the basis of a person's military status. RCW 49.60.030(1)(e) (referencing RCW 48.30.300).

52. As set forth above, Defendants have discriminated against Plaintiff and the proposed class members based on their military status, in violation of RCW 49.60.030, by charging them higher premiums for automobile insurance as compared to similarly situated Officer Policyholders simply because they are or were enlisted members of the armed services.

53. The base rates and relativities used by USAA and GIC have a disparate impact on Enlisted Policyholders. Enlisted Policyholders pay more than similarly situated Officer Policyholders for identical coverage.

54. As a result of Defendants' discriminatory policies and practices, Plaintiff and the proposed class members are entitled to actual damages in amounts to be proven at trial, including the difference between the premiums they paid and what they would have paid if they were treated the same as Officer Policyholders, prejudgment interest, and reasonable attorneys' fees and expenses.

55. Plaintiff and the proposed class members are also entitled to declaratory and



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

injunctive relief ordering Defendants not to charge most Enlisted Policyholders higher premiums than Officer Policyholders with identical rating characteristics, or such other relief as the Court deems fair and appropriate.

## VIII. SECOND CLAIM FOR RELIEF

### Violation of the Washington Consumer Protection Act—Unfair Acts or Practices

56. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

57. Defendants are each a "person" within the meaning of the CPA, RCW 19.86.010(1), and each conducts "trade" and "commerce" within the meaning of the CPA, RCW 19.86.010(2).

58. Plaintiff and the class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

59. The CPA prohibits unfair acts or practices in the conduct of any trade or commerce. RCW 19.86.020.

60. As alleged herein, Defendants' practice of charging Enlisted Policyholders higher insurance premiums than they charge Officer Policyholders is unfair within the meaning of the CPA. RCW 19.86.010.

61. RCW 48.18.480 prohibits insurers from engaging in "unfair discrimination" between insureds with "substantially like insuring, risk, and exposure factors, and expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged, or in the benefits payable under the policy."

62. Defendants are "insurers" within the meaning of the Washington Insurance Code. *See* RCW 48.01.050.

63. Enlisted Policyholders and Officer Policyholders are "insureds" within the meaning of RCW 48.18.480.

64. Enlisted Policyholders with the same classifications on Defendants' rating factors have "substantially like insuring, risk, and exposure factors" as Officer Policyholders.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

65. Defendants' practice of charging Enlisted Policyholders more than Officer Policyholders despite their having substantially like insuring, risk, and exposure factors, and expense elements, constitutes unfair discrimination and thus violates RCW 48.18.480.

66. Defendants' systematic practices are unfair because they: (1) cause substantial financial injury to Plaintiff and members of the proposed class; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

67. Defendants' conduct repeatedly occurred in trade or commerce within the meaning of the CPA. RCW 19.86.010(2), .020.

68. The acts complained of herein are ongoing and have a substantial likelihood of being repeated. Indeed, Defendants continue to charge Enlisted Policyholders higher insurance premiums than they charge Officer Policyholders.

69. Defendants' conduct impacts the public interest because they injured Plaintiff and thousands of other persons and have the capacity to injure thousands more. RCW 19.86.093.

70. As a direct and proximate result of Defendants' unfair acts or practices, Plaintiff and the proposed class members have suffered injury to their business or property and have lost money.

71. Plaintiff and the proposed class members are therefore entitled to legal relief against Defendants, including recovery of actual damages in an amount to be proven at trial, treble damages, attorneys' fees, costs, and such further relief as the Court may deem proper.

72. Plaintiff and the proposed class members are also entitled to declaratory and injunctive relief ordering Defendants not to charge most Enlisted Policyholders higher premiums than Officer Policyholders with identical rating characteristics, or such other relief as the Court deems fair and appropriate.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IX. THIRD CLAIM FOR RELIEF

**Violation of the Washington Consumer Protection Act—Deceptive Acts or Practices**

73. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

74. Defendants are each a "person" within the meaning of the CPA, RCW 19.86.010(1), and each conducts "trade" and "commerce" within the meaning of the CPA, RCW 19.86.010(2).

75. Plaintiff and the class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

76. The CPA prohibits deceptive acts or practices in the conduct of any trade or commerce. RCW 19.86.020.

77. As alleged herein, Defendants' practice of charging Enlisted Policyholders higher insurance premiums than they charge Officer Policyholders is deceptive within the meaning of the CPA. RCW 19.86.010.

78. Defendants' practice of charging Enlisted Policyholders higher insurance premiums than they charge Officer Policyholders is deceptive because: (1) Defendants automatically place enlisted personnel and veterans with GIC based on their military status and pay grade without disclosing to policyholders that they are doing so; and (2) Defendants charge Enlisted Policyholders higher premiums without disclosing that similarly situated Officer Policyholders pay lower premiums for the same coverage.

79. Defendants' conduct repeatedly occurred in trade or commerce within the meaning of the CPA. RCW 19.86.010(2), .020.

80. The acts complained of herein are ongoing and have a substantial likelihood of being repeated. Indeed, Defendants continue to charge Enlisted Policyholders higher insurance premiums than they charge Officer Policyholders.

81. Defendants' conduct impacts the public interest because they injured Plaintiff and thousands of other persons and have the capacity to injure thousands more. RCW



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19.86.093.

82. As a direct and proximate result of Defendants' deceptive acts or practices, Plaintiff and the proposed class members have suffered injury to their business or property and have lost money.

83. Plaintiff and the proposed class members are therefore entitled to legal relief against Defendants, including recovery of actual damages in an amount to be proven at trial, treble damages, attorneys' fees, costs, and such further relief as the Court may deem proper.

84. Plaintiff and the proposed class members are also entitled to declaratory and injunctive relief ordering Defendants not to charge most Enlisted Policyholders higher premiums than Officer Policyholders with identical rating characteristics, or to disclose to Enlisted Policyholders and applicants that they generally charge Enlisted Policyholders more than Officer Policyholders with the identical rating characteristics.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in the favor of the class members and against Defendants jointly and severally as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action under Federal Rule of Civil Procedure 23(b)(3) and certifying the class defined herein;

B. Designating Plaintiff as the representative of the class and his counsel as class counsel;

C. Declaring Defendants' practices described above to violate the Washington Law Against Discrimination, the Washington Insurance Code, and the Consumer Protection Act;

D. Granting injunctive relief to Plaintiff and class members, including but not limited to an order (i) requiring Defendants to use base rates and relativities that generate premiums that do not discriminate against Enlisted Policyholders and/or (ii) otherwise preventing Defendants from continuing to charge discriminatorily high premium rates to Enlisted Policyholders;

E. Requiring disgorgement, restitution, or imposition of a constructive trust upon



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the ill-gotten gains derived by Defendants;

F. Awarding Plaintiff and class members their damages, which are at least equal to the amounts that they paid in excess of the amounts that Defendants charged to similarly situated Officer Policyholders;

G. Awarding Plaintiff and class members triple the amount of their damages for their violations of the Consumer Protection Act;

H. Awarding Plaintiff's reasonable attorneys' fees and expenses;

I. Awarding pre- and post-judgment interest at the maximum rate permitted by applicable law; and

J. Granting such further relief as the Court deems just.

## XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 20th day of May, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrelll@terrellmarshall.com
Toby J. Marshall, WSBSA #32726
Email: tmarshall@terrellmarshall.com
Elizabeth A. Adams, WSBA #49175
Email: eadams@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Jay Angoff, *pro hac vice forthcoming*
Email: jay.angoff@findjustice.com
Michael Lieder, *pro hac vice forthcoming*
Email: mlieder@findjustice.com
Autumn Clarke, *pro hac vice forthcoming*
Email: aclarke@findjustice.com
MEHRI & SKALET PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Harvey Rosenfield, *pro hac vice forthcoming*
Email: harvey@consumerwatchdog.org
Ryan Mellino, *pro hac vice forthcoming*
Email: ryan.m@consumerwatchdog.org
CONSUMER WATCHDOG
6330 South San Vicente Blvd., Suite 250
Los Angeles, California 90048
Telephone: (310) 392-0522

*Attorneys for Plaintiff*